NATIVIDAD MORALES, demandante, apelada y apelante, *v.* MANUEL SAAVEDRA SOLER, demandado, apelante y apelado.

No. 6581.—*Sometido:* Abril 2, 1935. *Resuelto:* Diciembre 20, 1935.

*García Méndez & García Méndez*, abogados del apelante y apelado; *José Veray, Jr., Arturo Reichard* y *Augusto Reichard*, abogados de la apelada y apelante.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Se trata en este pleito de una reclamación por indemnización de daños y perjuicios que hace la demandante por la muerte de un hijo suyo de doce años de edad como consecuencia de un accidente ocurrido con un autocamión del demandado. La sentencia de la Corte de Distrito de Aguadilla condenó al demandado a pagar a la demandante $910 como indemnización por la pérdida del hijo, más las costas y honorarios de abogado. Contra esa sentencia interpusieron apelación el demandado por la expresada condena y la demandante por no habérsele concedido una cantidad mayor que la fijada en la sentencia.

La parte demandada alega dos motivos en apoyo de su recurso, a saber: que fué error de la corte inferior no haber sostenido la excepción previa que alegó contra la demanda, fundada en que no aduce hechos determinantes de causa de acción: y que la prueba no sostiene la sentencia dictada.

La demanda fué presentada el 11 de septiembre de 1931 y alega sustancialmente que la demandante es viuda: que el demandado era dueño el 17 de marzo de 1931 de un autocamión (*truck*) destinado entonces al servicio público y que era guiado por el *chauffeur* del demandado: que en el

referido día, a eso de las diez de la mañana, caminaba dicho vehículo por la carretera insular que de Isabela conduce a Aguadilla: que cuando cargado de cañas bajaba la cuesta de Aguadilla atrapó al niño de doce años Arturo Ramos, hijo legítimo de la demandante, cuyo menor caminaba conduciendo dos latas en un carrito de mano en dirección de Aguadilla a Isabela, o sea subiendo la cuesta por el extremo izquierdo de dicha carretera, cuyo lado era el derecho del autocamión: y que al atraparlo le produjo una herida contusa en el pie izquierdo, habiendo tenido que serle amputada la pierna izquierda, muriendo dos días después a causa de intoxicación séptica producida por la infección de los tejidos desgarrados: que el mencionado vehículo era conducido a una velocidad mayor de veinte kilómetros por hora y que el accidente se debió exclusivamente a la culpa, negligencia, descuido y temeraria imprudencia del *chauffeur* del demandado al inclinarse demasiado a su derecha, al no regular la velocidad que llevaba bajando la cuesta y al no tomar las debidas precauciones en realizar acto alguno para evitar el accidente, en el que no hubo culpa ni negligencia por parte del niño: y que la demandante ha sufrido graves e irreparables daños por la angustia mental que ha sufrido por la falta del afecto y cariño de su hijo y por la ayuda moral y material que como madre tenía derecho a esperar de su indicado hijo cuando éste hubiera llegado a una edad que le capacitase para cumplir con su madre sus deberes filiales.

Como la demanda dice que el niño caminaba por el extremo izquierdo de la carretera empujando un carrito con dos latas: que por ese mismo lado de la carretera bajaba el autocamión en dirección contraria a la que llevaba el niño: y que en esos momentos el *chauffeur* inclinó el autocamión demasiado a su derecha, hay que llegar a la conclusión de que de tales alegaciones surge una causa de acción contra el demandado, pues de acuerdo con ellas el accidente ocurrió por haberse echado el vehículo demasiado a su derecha cuando por ese sitio caminaba en dirección contraria el niño al ex-

tremo de la carretera, lo que demuestra una falta del debido cuidado y circunspección requerida por la ley de automóviles en su artículo 12 (*a*) para proteger la vida del hijo de la demandante.

Con respecto al segundo motivo por insuficiencia de la prueba para sostener la sentencia, deseamos hacer constar que hemos leído toda la evidencia que se presentó en el juicio, la que nos lleva a la conclusión de que los hechos ocurrieron como los alega la demandante. Todos los testigos de la demandante, que fueron muchos, declararon unánimemente, en lo sustancial, que vieron que el accidente ocurrió en la forma antes relatada: que el niño iba con su carrito por el paseo de la carretera: que el autocamión del demandado, único vehículo que pasaba por aquel sitio en el momento de ocurrir el accidente, se echó mucho a su derecha, causándole la lesión al niño en un pie; testigos todos que vivían en la carretera muy cerca del sitio del suceso. En este caso no hubo prueba contradictoria, pues la evidencia que presentó el demandado no contradijo las declaraciones de los testigos de la demandante, pues el *chauffeur* del autocamión del demandado se limitó a decir que no había tenido choque alguno esa mañana y que no había visto ese niño, accidente que tampoco vieron los otros dos testigos del demandado. En verdad no podemos concebir cómo el *chauffeur* haya declarado que no vió a dicho niño, cuando según la preponderancia fuerte de los testigos de la demandante ese niño caminaba en dirección contraria al autocamión por el paseo izquierdo de la carretera correspondiente al lado derecho por donde caminaba el autocamión. Toda la evidencia nos convence de ser cierto que el niño caminaba como hemos dicho, y que el accidente ocurrió por haberse echado muy a su derecha el autocamión al extremo de que cogió al niño causándole la herida que le produjo la muerte, por lo que no es sostenible el segundo motivo de error alegado por el demandado.

En cuanto a la apelación de la demandante para que se declare que tiene derecho a mayor cantidad de indemnización que la fijada por la corte inferior, diremos que de la evidencia aparecen declaraciones con respecto al valor que podría tener la asistencia médica de ese niño, que se dedicaba en algunos ratos a prestar servicios de recados por los que nada o casi nada cobraba, y que no creemos que la cantidad que se concedió en este caso no sea suficiente indemnización.

*La sentencia apelada debe ser confirmada.*